UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| STEVEN PARKER, | Case no: 15-CV-1688 W (BGS) |
|---|---|
| Plaintiff, | **ORDER:** |
| v. | **(1) DENYING MOTION TO PROCEED** *IN FORMA PAUPERIS* **[DOC. 2]; AND** |
| HOMETOWN BUFFET, INC., et al., | **(2) DISMISSING COMPLAINT [DOC. 1]** |
| Defendants. | |

On July 30, 2015, Plaintiff Steven Parker ("Plaintiff") commenced this action against Defendants Hometown Buffet, Inc., Erwin Garcia, and "Does I–X." (*See Compl.* [Doc. 1].) The Complaint alleges that Defendants, in violation of federal and state law, discriminated against Plaintiff during Plaintiff's April 2015 visit to the Hometown Buffet Restaurant located at 5881 University Avenue in the City of San Diego.[1] (*See id.*) Along with the Complaint, Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"). (*See IFP* [Doc. 2].) For the reasons outlined below, the Court **DENIES** Plaintiff's IFP motion.

---

[1] Specifically, the Complaint alleges three statutory claims and three tort-based claims consisting of the following: (1) violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181; (2) violation of the California Unruh Civil Rights Act; (3) violation of the California Disabled Person's Act; (4) negligent supervision; (5) intentional infliction of emotional distress; and (6) negligent infliction of emotional distress. (*Compl.* 4:23–9:17.)

The determination of indigency falls within the district court's discretion. Cal. Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) ("[28 U.S.C. §] 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well settled that a party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339–40 (1948); see also Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995) ("[T]he filing fee, while discretionary, should not take the prisoner's last dollar."). Rather, to satisfy the requirements of 28 U.S.C. § 1915(a), an affidavit need only state that one cannot "because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." Adkins, 335 U.S. at 339 (internal quotation marks omitted). At the same time, however, the court must "assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts therefore tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Olivares, 59 F.3d at 112 (district court did not abuse discretion in requiring partial fee payment from prisoner who consistently spent $35 a month on "comforts" such as candy and name brand toiletries from the prison commissary); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (IFP application denied because "plaintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action").

Having read and considered the papers submitted, the Court finds Plaintiff has failed to meet the requirements for IFP status under 28 U.S.C. § 1915. Plaintiff states that he does not receive a salary or any wages, as he has been unemployed for more than ten years. (*IFP* ¶ 2.) However, Plaintiff currently receives $889.00 every month in the form of Supplemental Security Income. (*Id.* ¶ 3.) Plaintiff also appears to own a 2011

1  Ford Mustang on which there is no outstanding amount owed.  (*Id.* ¶ 6.)  With respect
2  to other assets, Plaintiff lists a Chase Bank checking account with a current balance of
3  $3.00.  (*Id.* ¶ 4.)  Plaintiff does not have any dependents or any other debts or financial
4  obligations.  (*Id.* ¶¶ 7–8.)

5       Notwithstanding the foregoing, Plaintiff's declaration is completely bare with
6  respect to information about Plaintiff's monthly expenses.  That is, it is entirely unclear
7  how Plaintiff allocates his monthly income and whether or not his monthly household
8  income results in a net-positive source of funds after he accounts for his regular expenses.
9  The Court recognizes that the standardized IFP form Plaintiff has submitted does not
10 specifically require information relating to regular monthly expenses.  Nevertheless, in
11 the absence of such information, the Court cannot conclude that paying the court filing
12 fees would impair Plaintiff's ability to obtain the necessities of life, and thereby entitle
13 him to proceed IFP.  See Adkins, 335 U.S. at 339.

14      For these reasons, the Court cannot determine at this time that Plaintiff has
15 insufficient resources to "pull his own oar" by either paying or giving security for the
16 requisite $400.00 filing fee in this case.  See Temple, 586 F. Supp. at 850.  Accordingly,
17 the Court **DENIES** Plaintiff's motion to proceed IFP [Doc. 2] **WITHOUT PREJUDICE**
18 and **DISMISSES** the Complaint.  Plaintiff shall have until **August 24, 2015** to reinstate
19 this case by paying the filing fee <u>or</u> submitting an amended IFP motion.

21     IT IS SO ORDERED

23 **DATED:** August 3, 2015

25     Hon. Thomas J. Whelan
    United States District Judge